UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONALD BRAND, | ) No. CV 12-09178-VBK |
| | ) |
| Petitioner, | ) MEMORANDUM AND ORDER |
| | ) |
| v. | ) |
| | ) |
| JEFFREY BEARD,[1] | ) |
| | ) |
| Respondent. | ) |

Ronald Brand (hereinafter referred to as "Petitioner"), a California state prisoner proceeding pro se, filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition"), pursuant to 28 U.S.C. § 2254 on October 25, 2012, in the United States District Court for the Central District of California.[2] Petitioner also executed

---

[1] The Court grants Respondent's request to substitute Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, as the proper Respondent pursuant to Fed. R. Civ. P. 25(d). See Rule 2, Rules Governing Section 2254 Cases.

[2] The Court takes notice that Petitioner signed his Federal Petition on October 10, 2012, which is the earliest he could have turned it over to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379 (1988) (pro se prisoners constructively file pleading when they deliver it to prison authorities for mailing); Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."), cert. denied, 132

a "Consent to Proceed Before a United States Magistrate Judge."  In accordance with the Court's Order requiring Respondent to file a response, on February 28, 2013, Respondent filed a "Motion to Dismiss Petition for Writ of Habeas; Memorandum of Points and Authorities" ("MTD") and a "Notice of Lodging" contending that the Petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and alternatively that ground one of the Petition is unexhausted and conclusory.  Respondent also executed a "Consent to Proceed Before a United States Magistrate Judge."  On March 27, 2013, Petitioner filed an "Objection to the Motion to Dismiss" ("Obj.") and a "Supplemental [sic] to the Objection to the Motion to Dismiss."

    Having reviewed the allegations in the Petition and the matters set forth in the record, the Motion to Dismiss, and Petitioner's Opposition, it is **ORDERED** that the Motion to Dismiss be granted and the Petition be dismissed.

## PRIOR PROCEEDINGS

    On October 21, 2008, Petitioner pleaded no contest in the Los Angeles County Superior Court to twelve counts of identity theft in violation of California Penal Code ("PC") § 530.5(a) and one count of forgery of an official seal in violation of PC § 472. (Lodged Document No. 1 at 4-5; Lodged Document No. 3 at 1.)  Petitioner also admitted he served a prior prison term within the meaning of PC § 667.5(b) for a

---

S. Ct. 286 (2011). Where applicable, the Court has afforded Petitioner the constructive filing dates. Although, as Respondent notes (MTD at 1 n.3), ultimately it does not make a difference because the Petition is untimely even taking into account the earlier signature dates.

prior grand theft conviction. (Lodged Document No. 1 at 5.) On that same day, Petitioner was sentenced to a 12-year prison term, the sentence was suspended, and Petitioner was placed on formal probation for five years. (Lodged Document No. 1 at 6-10; Lodged Document No. 3 at 1.) Petitioner did not appeal the judgment.

On November 17, 2010, Petitioner's probation was revoked and he was remanded to custody. (Lodged Document No. 1 at 10-11.)

On June 29, 2011, counsel for Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court.[3] (Lodged Document No. 2.) On August 8, 2011, the court denied the petition because it was untimely and Petitioner had offered no justification for the nearly three-year delay, citing In re Clark, 5 Cal. 4th 750, 783 (1993) and In re Seaton, 34 Cal. 4th 193, 199-200 (2004). The court alternatively denied the petition on the merits. (Lodged Document No. 3; Lodged Document No. 1 at 14-16.)

On October 5, 2011, Petitioner filed a pro se habeas petition in the California Court of Appeal.[4] (Lodged Document No. 4.) On October 27, 2011, the court denied the petition as "untimely and, on the merits, [P]etitioner has not presented facts or evidence to demonstrate entitlement to relief." (Lodged Document No. 5.)

On November 10, 2011, a Los Angeles County Superior Court judge found Petitioner to be in violation of probation. (Lodged Document No. 1 at 17-18.) He was ordered to serve his 12-year state prison sentence

---

[3]   Petitioner is not entitled to an earlier constructive filing date under the prison mailbox rule for this petition because it was filed by counsel. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (2003).

[4]   Petitioner signed but did not date this petition. The Court therefore utilizes the filing date on the petition.

in county jail under California's Criminal Justice Realignment Act (see PC § 1170(h)). (Lodged Document No. 1 at 18-21.)

On December 19, 2011, Petitioner constructively filed a habeas petition in the California Supreme Court. (Lodged Document No. 7.) On May 9, 2012, the court denied the petition with citations to People v. Duvall, 9 Cal. 4th 464, 474 (1995) and In re Swain, 34 Cal. 2d 300, 304 (1949). (Lodged Document No. 8 at 2.)

Meanwhile, on December 21, 2011, Petitioner filed a notice of appeal in the California Court of Appeal challenging the November 10, 2011 finding that Petitioner was in violation of probation. (Lodged Document No. 6.) On May 16, 2012, Petitioner filed a notice of abandonment of his appeal, and on May 18, 2012, the Court of Appeal dismissed his appeal. (Lodged Document No. 6.)

On June 15, 2012, Petitioner constructively filed a second habeas petition in the California Supreme Court. (Lodged Document No. 9.) On September 26, 2012, the court denied the petition "on the merits" with citations to Harrington v. Richter, 526 U.S. -, 131 S. Ct. 770, 785 (2011), and Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590 (1991). (Lodged Document No. 10 at 2.)

The within Petition was constructively filed on October 10, 2012.

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, inter alia:

1. "California State Supreme Court in Petitioner['s] view, has violated his [S]ixth and [F]ourteenth Amendment rights";

2. The trial court improperly denied Petitioner's request

4

>to represent himself under Faretta,[5] and trial counsel was ineffective by failing to inform Petitioner of his right to appeal or otherwise perfect an appeal so Petitioner could challenge the trial court's Faretta ruling.

(See Petition at 5-6; Petition Memoranda at 1-4, 6-11.)[6]

## DISCUSSION

In the Motion to Dismiss, Respondent contends that the Petition should be dismissed on the grounds it is untimely, and because ground one is unexhausted and conclusory.

**A.   The Petition Is Facially Untimely.**

Since the Petition was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, the Court's consideration of the Petition's timeliness is governed by 28 U.S.C. § 2244(d), as amended by the AEDPA. See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 & 523 U.S. 1061 (1998).[7]  That section provides:

>"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

---

[5]   Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525 (1975)

[6]   Petitioner attaches two memoranda with overlapping page numbers. For ease of reference, the Court refers to the memoranda by citing the pages consecutively as they are attached to the Petition.

[7]   Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In most instances, a state prisoner's AEDPA limitations period will be governed by § 2244(d)(1)(A).  It is only in "rare instances" that, pursuant to § 2244(d)(1)(B)-(D), "the limitation period may run from a date later than the date on which judgment becomes final."  <u>Baker v.</u>

State of California, No. C 99-2088 CRB (PR), 2000 WL 74071 at *1 n.1 (N.D. Cal. Jan. 25, 2000). In the Motion to Dismiss, Respondent contends that the running of the limitations period in this case is governed by § 2244(d)(1)(A). (MTD at 4 & n.6.)

### 1. Application of § 2244(d)(1)(A) Renders the Petition Facially Untimely.

Under § 2244(d)(1)(A), the statute began to run at the completion of direct review in the state courts. Consequently, the judgment became final when the time to file an appeal expired. Gonzalez v. Thaler, 565 U.S. -, 132 S. Ct. 641, 646, 653-54 (2012); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Under California law, Petitioner had 60 days in which to file and perfect his appeal. See Cal. R. Ct. 8.308(a). As Petitioner was sentenced on October 21, 2008, his time to appeal expired on December 22, 2008.[8] Id.; see also PC § 1237(a) (a "sentence" and "an order granting probation" constitute a "final judgment" for purposes of a defendant's right to appeal).[9] Therefore, Petitioner's conviction was "final" on December 22, 2008, and he had until December 22, 2009, in which to file a timely federal habeas petition. 28 U.S.C.

---

[8] The 60th day fell on December 20, 2008, which was a Saturday. Accordingly, the notice of appeal was due the following Monday, December 22, 2008. See Lopez v. Felker, 536 F. Supp. 2d 1154, 1157 & n.3 (C.D. Cal. 2008) (explaining computation of time to file appeal under California Rules of Court).

[9] The fact that the trial court suspended the sentence has no bearing on the finality of the conviction. Under California law, when the order granting probation is issued, the clock starts running on any appeal. See People v. Amons, 125 Cal. App. 4th 855, 868-69 (2005); Tresvan v. Martell, No. CV 08-5077-PSG (PLA), 2009 WL 3245702 at *2 n.5 (C.D. Cal. Oct. 6, 2009). Further, Petitioner makes no challenge in the Petition to his subsequent probation violation or otherwise contend that he is entitled to a later finality date based on the probation violation.

§ 2244(d)(1)(A); see Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001). Here, Petitioner did not constructively file the within Petition until October 10, 2012, almost three years after the statute of limitations had already expired. Absent statutory or equitable tolling, the within Petition is untimely.

### 2. Petitioner Is Not Entitled to an Alternate Start Date of the Statute of Limitations Period.

#### a. State-Created Impediment.

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." 28 U.S.C. § 2244(d)(1)(B). Petitioner has failed to set forth any facts showing that Petitioner is entitled to relief under this provision.

#### b. Newly Recognized Constitutional Right.

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner has not alleged or forth facts showing that he is entitled to relief under this provision.

//
//

### c. **Discovery of Factual Predicate**.

Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations begins to run when the "factual predicate" of Petitioner's claims "could have been discovered through the exercise of due diligence." Id. The term 'factual predicate' refers to the facts underlying the claim, not the legal significance of those facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("This is not to say that [petitioner] needed to understand the legal significance of those facts-rather than simply the facts themselves-before the due diligence (and hence the limitations) clock started ticking."). Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances. Schlueter v. Varner, 384 F.3d 69, 74 (3rd Cir. 2004) (quoting Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004)), cert. denied, 544 U.S. 1037 (2005).

Petitioner contends that he was unaware of his Faretta claim until he spoke with an alternate public defender between January and April of 2011. (Obj. at 3.) However, Petitioner was well aware of the factual predicate underlying the claim when the trial court denied his request to represent himself in 2008. (Pet. Ex. A, 10/9/08 RT at 3-4.) Petitioner made the request and was present at the hearing, and therefore knew of the factual predicate over six years before the Petition was filed. See, e.g., Kartiganer v. Henderson, No. CV 07-7575 JVS (FFM), 2011 WL 3293389, at *3 n.3 (C.D. Cal. June 27, 2011) (because petitioner was present at hearings, "he was aware of whatever impropriety may have occurred during either of those hearings at the time of the hearing"), adopted by, 2011 WL 3290361 (C.D. Cal. July 29, 2011). Petitioner has therefore failed to set forth sufficient facts showing that he is entitled to relief under this provision.

**B.   <u>Petitioner Is Not Entitled To Statutory Tolling</u>**.

The running of the AEDPA's one-year time limitation is tolled for the time period during which a properly filed application for post-conviction or other state collateral review is pending in state court. <u>See</u> 28 U.S.C. § 2244(d)(2); <u>Duncan v. Walker</u>, 533 U.S. 167, 173-74, 121 S. Ct. 2120 (2001) (the statutory term "other collateral review" refers to other state collateral review).  The statute is tolled during the time period a state post-conviction petition is considered pending between a lower court's decision on the petition and the filing of a new petition in a higher court. <u>Carey v. Saffold</u>, 536 U.S. 214, 223-25, 122 S. Ct. 2134 (2002).  However, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 410, 419, 125 S. Ct. 1807 (2005).  Claims denied as untimely or determined by federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. <u>Id</u>.

Here, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Petitioner's state habeas petitions, filed in 2011 and 2012 (Lodged Document Nos. 2, 4, 7, 9), have no tolling effect because they were filed well after the period of limitations had already expired. See <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed"), <u>cert. denied</u>, 540 U.S. 924 (2003); <u>Laws v. Lamarque</u>, 351 F.3d 919, 922 (9th Cir. 2003) (if the first petition is filed after expiration of the limitations period "statutory tolling cannot save his claim"); <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled

10

to tolling where the limitations period has already run). Thus, Petitioner is not entitled to any statutory tolling and the Petition is untimely unless he is entitled to equitable tolling.

### C. **Petitioner Is Not Entitled to Relief Based on Equitable Tolling**.

#### 1. **Applicable Law**.

The AEDPA's one-year statute of limitations is subject to equitable tolling but only if a petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, - U.S. -, 130 S. Ct. 2549, 2562-63 (2010) (quoting Pace, 544 U.S. at 418); see also Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993); Randle v. Crawford, 604 F.3d 1047, 1057 (9th Cir.) ("Equitable tolling is only appropriate if <u>extraordinary</u> circumstances beyond a prisoner's control make it impossible to file a petition on time.") (quotation marks and citation omitted) (emphasis in original), cert. denied, 131 S. Ct. 474 (2010).

Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and the "threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)), cert. denied, 537 U.S. 1003 (2002); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see Beeler, 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions

of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time.") "[W]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles, 187 F.3d at 1107).

### 2.  **Petitioner Has Not Met His Burden Entitling Him to Equitable Tolling.**

Petitioner alleges that he is entitled to equitable tolling of the statute of limitations because he did not have access to the transcript of the Marsden hearing[10] in his case until June 2011.  (Obj. at 3.) However, he does not explain how the Marsden hearing transcript was necessary to raise his Faretta claim, as Marsden and Faretta are based on different constitutional and procedural principles. See Robinson v. Kramer, 588 F.3d 1212, 1216 (9th Cir. 2009) ("At the trial level, Faretta and Marsden requests are as distinct as would be a request to be allowed to drive a car from a request for a driver to drive it."), cert. denied, 131 S. Ct. 83 & 131 S. Ct. 108 (2010).  As mentioned, although Petitioner initially asked the court about representing himself during the September 19, 2008 Marsden hearing, he withdrew that request. (Pet. Ex. A, 9/19/08 RT at 5-6.)  His actual request to represent himself was raised and denied on October 9, 2008.  (Pet. Ex. A, 10/9/08 RT at 3-4.)  Under these circumstances, Petitioner has not shown how the Marsden hearing transcript would have been necessary to file a federal

---

[10] A Marsden hearing is a California state court procedure to replace existing appointed counsel, heard outside the presence of the prosecutor and the jury, based on allegations of ineffective assistance.  People v. Marsden, 2 Cal. 3d 118 (1970).

petition based on <u>Faretta</u>, or that the relevant documents could not have been procured later if needed. <u>Chaffer v. Prosper</u>, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (allegations of lack of access to legal file insufficient to warrant equitable tolling because inmate failed to point to specific instances where he needed a particular document); <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1014 (9th Cir.) (suggesting a diligent inmate wishing to raise a <u>Faretta</u> claim who did not have possession of his legal materials "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline"), <u>cert. denied</u>, 558 U.S. 897 (2009); <u>Kartiganer</u>, 2011 WL 3293389, at *3 n.3, *5 (alleged failure to receive <u>Marsden</u> hearing transcript at an earlier date did not justify equitable tolling because petitioner was at the hearing and he failed to explain why the transcript was required to file a federal habeas petition on time). Finally, even if the Court were to allow tolling for the time up until Petitioner allegedly acquired access to the transcript in June 2011, he does not explain the one year, four month delay that followed until he filed the Petition.

Petitioner further contends his attorney failed to advise him of his appellate rights and seek a certificate of probable cause ("CPC").[11] (Obj. at 4.) Relatedly, petitioner also appears to contend that because he was "not allowed to go pro-per while in custody," he had to rely on appointed counsel who in turn caused the untimeliness. (Obj. at 4-5.) Neither of these circumstances constitute an "extraordinary circumstance" justifying equitable tolling. <u>See</u> <u>Randle</u>, 604 F.3d at 1056-58 (rejecting claim for equitable tolling based on counsel's alleged failure to perfect appeal and incorrect advice with respect to

---

[11]   A CPC is a necessary predicate under state law to filing an appeal after entering a plea. <u>See</u> Cal. Rules of Court 8.304(b).

the time frame in which to file a state habeas petition); Perez v. Hedgpeth, No. CV F 06-00846 AWI DLB HC, 2009 WL 174145, at *5 (E.D. Cal. Jan. 23, 2009) (trial counsel's failure to advise habeas petitioner, who pleaded guilty, of right to appeal and/or ability to seek collateral review does not present extraordinary circumstance justifying equitable tolling). Further, even if petitioner's attorney was negligent, negligence generally does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. See, e.g., Lawrence, 549 U.S. at 336 (attorney miscalculation of limitations period insufficient to warrant equitable tolling); Miranda, 292 F.3d at 1068 (appellate attorney's provision of erroneous information regarding deadline to file habeas petition did not constitute extraordinary circumstance); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of limitations period by counsel and counsel's negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling), cert. denied, 535 U.S. 1055 (2002). Rather, attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling only where the conduct is "sufficiently egregious." Spitsyn, 345 F.3d at 800, 801 (equitable tolling warranted where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations). Petitioner has not shown that his attorney's conduct was sufficiently egregious, or that it was the cause of the delayed filing of the instant Petition. Randle, 604 F.3d at 1058.

Finally, Petitioner contends he was ignorant of the applicable time limitations. (Obj. at 4-5.) A petitioner's lack of legal knowledge, no

14

matter what its origin, has not been held to provide an excuse for failing to timely file a habeas petition. <u>Ford v. Pliler</u>, 590 F.3d 782, 789 (9th Cir. 2009), <u>cert. denied</u>, 131 S. Ct. 77 (2010); <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). "It is clear that <u>pro se</u> status, on its own, is not enough to warrant equitable tolling." <u>Roy v. Lampert</u>, 465 F.3d 964, 970 (9th Cir. 2006) (citing <u>Johnson v. United States</u>, 544 U.S. 295, 311 (2005)), <u>cert. denied</u>, 549 U.S. 1317 (2007).

Petitioner has not shown that extraordinary circumstances exist warranting equitable tolling.  Accordingly, the within Petition is untimely.[12]

**ACCORDINGLY, IT IS ORDERED** that the Petition be dismissed.

DATED: 5/30/2013                          /s/
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE

---

[12] Because the Court concludes that the Petition is clearly untimely, it need not address Respondent's alternative basis for dismissal, that ground one is unexhausted and conclusory. <u>See</u> <u>Reed v. Gonzalez</u>, No. EDCV 12-650 JST (FFM), 2012 WL 6967251, at *2 n.3 (C.D. Cal. Nov. 15, 2012), <u>adopted by</u>, 2013 WL 395042 (C.D. Cal. Jan. 27, 2013).